

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-2006

# Benny v. Dept Corr PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5499

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Benny v. Dept Corr PA" (2006). *2006 Decisions.* Paper 181.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/181

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-5499

———————

JUDITH BENNY,
                                   Appellant
                    v.

COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF CORRECTIONS, STATE CORRECTIONAL
INSTITUTION AT SOMERSET,
                                   Appellee

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 03-cv-00127)
District Judge:   Honorable Kim R. Gibson

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
October 26, 2006

Before:   SMITH, WEIS & NYGAARD, <u>Circuit</u> <u>Judges</u>

Filed November 17, 2006

———————

<u>OPINION</u>

———————

WEIS, <u>Circuit Judge</u>.

        This is an employment discrimination action brought pursuant to the

Americans with Disabilities Act of 1990, 42 U. S. C. § 12101 et seq., the Age

Discrimination in Employment Act of 1967, 29 U. S. C. § 621, et seq., and Title VII of the

Civil Rights Act of 1964, 42 U. S. C. § 2000e et seq. Plaintiff contends that defendant discriminated against her on the basis of age and disability and that she was subjected to sexual harassment in the form of a hostile work environment.

The District Court dismissed the age and disability discrimination claims and plaintiff does not appeal those orders. The only issue presented in this appeal is whether plaintiff' claim for sex discrimination based on a hostile work environment can survive summary judgment. We conclude that it cannot.

Plaintiff is a 61 year-old woman who was employed by the State Correctional Institution at Somerset beginning in 1997. In April of 2004, she was transferred to the State Correctional Institution at Laurel Highlands. She alleges that, during her tenure at the Somerset institution, she encountered several inappropriate sexual remarks from co-workers that she alleges constituted a pattern of sex discrimination in the workplace.

In order to establish a case of sex discrimination, plaintiff must show that the workplace is both "objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." Faragher v. City of Boca Raton, 524 U.S. 775, 787 (1998) (citing Harris v. Forklift Systems, Inc., 510 U.S. 17, 21-22 (1993)).

The court must consider the totality of the circumstances when determining

2

whether a hostile work environment exists, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris, 510 U.S. at 23. "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to" a hostile work environment. Faragher, 524 U.S. at 788 (internal quotations and citations omitted).

The sporadic incidents of sexually inappropriate language that plaintiff alleges do not comprise an objectively hostile work environment. These combined incidents are significantly less severe and less pervasive than the circumstances that courts have found sufficient to constitute a hostile work environment. See, e.g., Harris, 510 U.S. at 19-20; Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 60-61 (1986).

Because plaintiff's claim fails on the merits, we need not reach the issue of whether her claim is time-barred.

The judgment of the District Court will be affirmed.